UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA,<br><br>        Plaintiff,<br><br>    v.<br><br>SUSAN BRASHEAR ANTHONY,<br><br>        Defendant. | No.  2:25-cv-02247-TLN-AC<br><br>**ORDER** |

       This matter is before the Court pursuant to Defendant Susan Brashear Anthony's ("Defendant") Notice of Removal.  (ECF No. 1.)  For the reasons set forth below, the Court hereby REMANDS the action to Solano County Superior Court.

       On June 16, 2025, Defendant was arraigned in Solano County Superior Court on a charge of Cruelty to Animal in violation of Penal Code 597(b).  (ECF No. 1 at 4, 33.)  On August 8, 2025, Defendant filed a Notice of Removal pursuant to 28 U.S.C. § 1455 ("§ 1455").  (ECF No. 1.)

       Section 1455(a) authorizes a defendant in a criminal prosecution in a state court to "file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."  28

U.S.C. § 1455(a).  Section 1455(b) imposes two requirements on defendants removing criminal prosecutions:

> (1) A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.
>
> (2) A notice of removal of a criminal prosecution shall include all grounds for such removal.  A failure to state grounds that exist at the time of the filing of the notice shall constitute a waiver of such grounds, and a second notice may be filed only on grounds not existing at the time of the original notice.  For good cause shown, the United States district court may grant relief from the limitations of this paragraph.

28 U.S.C. § 1455(b)(1)-(2).  A "defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014) (quoting *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008)).

As an initial matter, Defendant was arraigned on June 16, 2025, and filed her notice of removal on August 8, 2025.  Accordingly, removal is untimely under § 1455(b)(1).

Moreover, Defendant has not articulated a legitimate ground for removal as required by § 1455(b)(2).  Removal of state court criminal actions is authorized under 28 U.S.C. § 1442 ("Federal Officers or Agencies Sued or Prosecuted"), § 1442a ("Members of Armed Forces Sued or Prosecuted"), and § 1443 ("Civil Rights Cases").  Sections 1442 and 1442a are inapplicable because Defendant does not allege that she is a federal officer or a member of the armed forces who is being prosecuted for an act done under color of the office.  Further, Defendant does not cite § 1443 or claim that the state court will not enforce "rights that are given to [her] by explicit statutory enactment protecting equal racial civil rights" with support "by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *People of State of Cal. v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970).  Instead, Defendant maintains removal is proper because she suffered systematic civil rights violation under 42 U.S.C. § 1983, federal preemption exists due to violations of the Americans with Disabilities Act, her digital privacy rights under the Fourth Amendment were violated, and there

were due process violations which require federal intervention. (ECF No. 1 at 5–8.) Bad experiences with the particular court in question will not suffice. *Sandoval*, 434 F. 2d at 636 (citing *State of Georgia v. Rachel*, 86 S.Ct. 1783, 1791-1797 (1966); *City of Greenwood, Miss. v. Peacock*, 86 S.Ct. 1800, 1812-1813 (1966)). In sum, the Court finds Defendant failed to timely comply with § 1455 or establish a legitimate basis for removal.

### I. CONCLUSION

For the reasons stated above, the Court hereby REMANDS this action to Solano County Superior Court and the Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Date: August 13, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

3